IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALBERT CAMBATA and CELIA CAMBATA, <br><br> Petitioners, <br> vs. <br><br> UNITED STATES OF AMERICA, <br><br> Respondent. | CIVIL ACTION: _____ |

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that on _____, 2017 at \_\_\_\_\_ a.m. / p.m., or as soon thereafter as the matter may be heard, in the courtroom of the Honorable _____ of the United States District Court for the Eastern District of Pennsylvania, petitioners Albert and Celia Cambata will and hereby do petition for an order quashing the Internal Revenue Service summons to their attorney, Thomas W. Ostrander, Esq. on the ground that the summons was improperly issued in violation of the Internal Revenue Service's own regulations and procedures, calls for privileged information and material, and is otherwise deficient under *United States v. Powell*, 379 U.S. 48 (1964).

This Petition is made under 26 U.S.C. § 7609(b)(2). This Petition is based on this notice of Petition and following Petition, as well as any such further evidence as may be presented at the hearing on this motion.

///

///

///

## PETITION TO QUASH IRS SUMMONS

Albert Cambata and Celia Cambata, husband and wife, ("the Cambatas") hereby petition this court for an order quashing a summons issued by the Internal Revenue Service and in support of their Petition avers as follows:

### I. JURISDICTION AND VENUE

1. This court has jurisdiction over this matter pursuant to Internal Revenue Code ("IRC") section 7609(h)(1) (26 U.S.C. 7609(h)(1)) because the summoned person resides or is found in this district.

2. Venue is proper in this court pursuant to 26 U.S.C. 7609(h)(1).

### II. THE PARTIES AND OTHERS

3. Petitioner Albert Cambata ("Mr. Cambata"), is a citizen of St. Kitts & Nevis and a resident of Switzerland.

4. Petitioner Celia Cambata ("Mrs. Cambata") is a citizen of the United Kingdom and a resident of Switzerland.

5. The respondent is the United States of America.

6. The summoned person is Thomas W. Ostrander, Esq., a partner in the law firm Duane Morris LLP, whose office is in Philadelphia, and who is counsel to the Cambatas.

### III. BACKGROUND

7. On or about June 2016, the Internal Revenue Service ("IRS") initiated a civil tax examination of the Cambatas. As the Cambatas reside in Switzerland, and are not presently United States citizens (but were United States citizens for the tax years under examination), the examination is through the IRS' Large Business & International division ("LB&I").

8. On or about July 5, 2016, an IRS examiner in the LB&I division sent an Information Document Request ("IDR") to the Cambatas ("the 2016 IDR").

9. Over the ensuing months, through counsel the Cambatas have responded to the 2016 IDR, and produced responsive documents.

10. The IRS only issued the 2016 IDR and no other IDRs.

2

11. The IRS has not issued a Delinquency Notice in connection with the 2016 IDR, nor has the IRS issued a Pre-Summons Letter in connection with the 2016 IDR.

12. On or about December 12, 2016, Mr. Cambata received a copy of the Summons, issued to "Thomas Ostrander, Duane Morris," and which included an Attachment calling for certain documents and materials. A true and correct copy of what was received by Mr. Cambata on or about December 12, 2016 is attached as **Exhibit A**, hereto.

13. None of the documents or materials identified in the Attachment to the Summons were documents or attachments requested in the 2016 IDR. And, the IRS has never approached the Cambatas about any of the materials requested in the Summons, despite the Cambatas working with the IRS to voluntarily produce documents in the examination.

14. The Summons calls for information and materials in the possession of the Cambata's attorneys, Thomas Ostrander and Duane Morris LLP, including: "tax advice", "correspondence with [the clients]", "logs of meetings", "records used in or created for or during preparation of federal return", "records of legal or professional fees billed by [Duane Morris LLP] to Albert & Celia Cambata . . . showing . . . the nature of services rendered", "all correspondence with [the clients]", "correspondence with [the clients], including text and email", "notes of conversations concerning [the clients]", and requests Duane Morris LLP "[to] contact the [clients] for information not previously provided to [Duane Morris LLP], including answers to [certain] questions." *See* Exhibit A.

15. The Summons also repeatedly calls for "letters from the IRS" prior to November 2012.

### IV. ARGUMENT

**A.     The LB&I Examination and IDR Enforcement Processes.**

16. Pursuant to 4.46.1.3.3 of the Internal Revenue Manual ("IRM"), LB&I examiners' express goals include "encourag[ing] voluntary compliance," and the IRM requires examiners to "[a]ttempt to obtain information voluntarily from taxpayers and witnesses prior to issuing a summons." IRM 25.5.1.4 (09-10-2014).

3

17. In 2013 and 2014, the IRS revised its procedures regarding IDR enforcement to make clear the content and form of IDRs and what steps must be taken in LB&I examinations *before* examiners may issue summonses. *See* LB&I Directive No. LB&I-04-0214-004, *Large Business and International Directive on Information Document Requests Enforcement Process* (Feb. 28, 2014).

18. The IRM, as most recently revised, expressly adopts the pre-summons procedures that facilitate voluntary compliance with IDRs, and it incorporates LB&I Directive No. LB&I-04-0214-004. *See* IRM 4.46.4. The IRM also sets for that the IDR process is mandatory, "[t]he Information Document Request (IDR) Process **will** be used for all LB&I examinations," and "is intended to encourage collaboration between the taxpayer and IRS personnel to agree on and provide information needed to support an examination." IRM 4.46.4.5 (Mar. 9, 2016) (emphasis added).

19. As set forth in the IRM, "[t]he process from IDR to summons issuance has three graduated steps: (1) a Delinquency Notice, (2) a Pre-Summons Letter; (3) a Summons. **This process is mandatory and has no exceptions.**" IRM 4.46.4-2 (emphasis added); *see also* IRM 4.46.4.5.2 (Mar. 9, 2016).

20. Before a summons is issued, the enforcement process begins with requiring that "the examiner or specialist along with their manager must complete the first phase of the enforcement process, the Delinquency Notice," which includes:

    a. discussing the Delinquency Notice with the taxpayer;

    b. issuing a Delinquency Notice signed by the Team Manager to the taxpayer and within 10 days of application of the enforcement process;

    c. including a response date on the Delinquency Notice; and

    d. providing a copy of the Delinquency Notice to the examiner's assigned counsel. *See* IRM 4.46.4-2

21. The second mandatory step in the enforcement process, if a complete response to the IDR is not received, is the Pre-Summons Letter, which requires the following:

4

      a.      a discussion of the response to the Delinquency Notice and preparation of a Pre-Summons letter among the Team Manager, Specialist Manager, respective Territory Manager(s) and Counsel;

      b.      the Territory Manager must discuss the Pre-Summons Letter with the Taxpayer;

      c.      the issuance of the Pre-Summons Letter signed by the Territory Manager;

      d.      inclusion of a response date on the Pre-Summons Letter;

      e.      pre-issuance notification of the Pre-Summons Letter to the Director of Field Operations. *See Id.*

22. After these two mandatory steps – the Delinquency Notice and Pre-Summons Letter – are completed, only then can the examiner proceed to enforce an IDR via a Summons. IRM 4.46.4-2.

23. Only if the taxpayer indicates that the requested information will not be provided without a summons is the examiner to move directly to the issuance of a summons. IRM 4.46.4.5.1(3).

    **B.**    **The *Powell* Requirements.**

24. For a summons to be effective it must meet the requirements set forth by the Supreme Court in *United States v. Powell*, 379 U.S. 48 (1964):

> Reading the statutes as we do, the Commissioner need not meet any standard of probable cause to obtain enforcement of his summons . . . . He must show that the investigation will be conducted pursuant to a legitimate purpose, that the inquiry may be relevant to the purpose, that the information sought is not already in the Commissioner's possession, and that the administrative steps required by the Code have been followed . . . .

*Powell*, 379 U.S. at 57-58; *see also United States v. Clarke*, 573 U.S. ___, 134 S.Ct. 2361, 2365 (2014).

    **C.**    **The Summons Must Be Quashed – The IRS Failed to Comply With the Administrative Steps Required For Enforcement of IDRs.**

25. Before a summons may be enforced the IRS must establish that it has complied with certain administrative steps. *Powell*, 379 U.S. at 57-58 (". . . the [Commissioner] must show ... that the administrative steps required by the Code have been followed . . .").

5

26. Here, the enforcement procedures mandated in the IRM for LB&I examinations apply.

27. Neither a Delinquency Notice nor a Pre-Summons Letter were issued by the IRS regarding the Cambatas' ongoing examination.

28. The Cambatas never indicated that the information requested in the IDR would not be provided without a summons, and in fact have provided numerous documents in response to the IDR.

29. The Cambatas have cooperated in the examination, and responded to the 2016 IDR with the documents requested.

30. All of the documents, materials and information requested in the Summons exceed the scope of the 2016 IDR, and have been requested only for the first time in the Summons.

31. Since the IRS failed to follow its own administrative procedures promulgated under the Internal Revenue Code, the Summons must be quashed for failure to meet the *Powell* requirement that the administrative steps required by the Internal Revenue Code have been followed.

      **D.**    **The Summons Must Be Quashed – It Calls For Privileged Information and Materials Under the Attorney-Client Privilege and Attorney Work Product Doctrine.**

32. Summonses are "subject to the traditional privileges and limitations," including attorney-client privilege. *Upjohn Co. v. United States*, 449 U.S. 383, 398 (1981).

33. The attorney-client privilege "protects from disclosure confidential communications made between attorneys and clients for the purpose of obtaining or providing legal assistance to the client." *In re Grand Jury*, 705 F.3d 133, 151 (3d Cir. 2012).

34. The Summons expressly seeks those communications, confidentially made between Duane Morris LLP and the Cambatas, for the purpose of obtaining or providing legal assistance. Duane Morris LLP has represented the Cambatas throughout this examination process and previously, and the Summons effectively calls for all communications, including

6

emails and texts, between Duane Morris LLP and the Cambatas related to that representation or other legal assistance provided.

35. Moreover, the Summons asks Duane Morris LLP to "contact the [Cambatas] for information not previously provided to [Duane Morris LLP], including answers to [certain] questions." This information is, by definition, not currently in the possession of Duane Morris LLP, and any future communications between the Cambatas and Duane Morris LLP regarding the IRS' certain questions would be protected by the attorney-client privilege.

36. Under Federal Rule of Civil Procedure 26(b)(3), the work product doctrine applies to "documents and tangible things . . . prepared in anticipation of litigation or for trial by or for another party or by or for that other party's representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent) . . . ." Fed. R. Civ. P. 26(b)(3).

37. "Core" work product that encompasses the "mental impressions, conclusions, opinion, or legal theories of an attorney or other representative of a party concerning the litigation" is "generally afforded near absolute protection from discovery." *In re Ford Motor Co.*, 110 F.3d 954, 962 n.7 (3d Cir. 1997).

38. The Summons expressly seeks work product that encompasses the mental impressions of Mr. Ostrander or other attorneys at Duane Morris LLP. It requests all correspondence with the Cambatas, including text and email, and "notes of conversations concerning the Cambatas."

39. Because the Summons requests numerous categories of privileged information and material, effectively the entire file for the Cambatas at Duane Morris LLP, it should be quashed.

E.   **The Summons Must Be Quashed – It Calls For Information the IRS Already Possesses.**

40. The third requirement the IRS must establish under *Powell* is "that the information sought is not already in the Commissioner's possession." *Powell*, 379 U.S. at 57-58.

41. Here, the Summons repeatedly requests letters **from the IRS** received prior to the start of an exam in November 2012. Exhibit A, (emphasis added).

42. By definition, such documents are already in the IRS' possession, and there is no reason to believe such documents are unreasonably difficult for the IRS to locate itself.

43. Before a summons may be enforced the IRS must establish that it does not already possess the information sought, *Powell*, 379 U.S. at 57-58, which it cannot do here.

WHEREFORE, for the reasons set forth above, it is respectfully requested that the Court issue an order quashing the Summons and grant such other relief as may be required.

Dated: December 21, 2016

**DUANE MORRIS** LLP

By: _____
Thomas W. Ostrander
30 South 17th Street
Philadelphia, PA 19103-4196
Telephone:   215.979.1802
Fax:              215.689.3639
E-mail:         ostrander@duanemorris.com

Brendan Ruddy
Spear Tower
One Market Plaza, Suite 2200
San Francisco, CA  94105-1127
Telephone: 415 957 3000
Fax:            415 957 3001
E-mail:       bpruddy@duanemorris.com

Attorneys for Petitioners
ALBERT AND CELIA CAMBATA

DM3\4405310.2

# Exhibit A



# Summons

In the matter of __ALBERT & CELIA CAMBATA, 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 & 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__
Internal Revenue Service (Division): __Large Business & International__
Industry/Area (name or number): __Withholding & International Individual Compliance__
Periods: __Calendar Years January 1, 2010 through December 31, 2012__

## The Commissioner of Internal Revenue

To: Thomas Ostrander
At: 30 S. 16th Street, Philadelphia, PA 19103

You are hereby summoned and required to appear before __Sabrina Thorne, Revenue Agent, and/or any other agent of the IRS__ an officer of the Internal Revenue Service, to give testimony and to bring with you and to produce for examination the following books, records, papers, and other data relating to the tax liability or the collection of the tax liability or for the purpose of inquiring into any offense connected with the administration or enforcement of the internal revenue laws concerning the person identified above for the periods shown.

Any and all documents described in the attached statement, whether located in the United States or outside the United States, that are in your possession, custody or control, or otherwise accessible or available to you either directly or through other entities.

Do not write in this space

Business address and telephone number of IRS officer before whom you are to appear:
Internal Revenue Service, 230 South Dearborn, Room 2296, Stop 4400 CHI, Chicago, Illinois 60604  (312) 292-2735

Place and time for appearance at __Internal Revenue Service, 230 S. Dearborn, Suite 2296, Chicago, Illinois 60604__

**IRS**
Department of the Treasury
Internal Revenue Service
www.irs.gov
Form 2039 (Rev. 12-2008)
Catalog Number 21405J

on the __29th__ day of __December__ __2016__ at __9:00__ o'clock __a.__ m.
Issued under authority of the Internal Revenue Code this __1st__ day of __December__ __2016__

_Sabrina Thorne_
Signature of issuing officer — Revenue Agent — Title

Carl D Barkow
Digitally signed by Carl D Barkow
DN: cn=Carl D Barkow, o=Individual
email=carl.d.barkow@irs.gov, c=US
Date: 2015.04.24 14:41:56 -05'00'
Signature of approving officer (if applicable) — Group Manager — Title

Part C — to be given to noticee



# Provisions of the Internal Revenue Code

### Sec. 7602. Examination of books and witnesses

(a) Authority to Summon, etc. - For the purpose of ascertaining the correctness of any return, making a return where none has been made, determining the liability of any person for any internal revenue tax or the liability at law or in equity of any transferee or fiduciary of any person in respect of any internal revenue tax, or collecting any such liability, the Secretary is authorized -

   (1) To examine any books, papers, records, or other data which may be relevant or material to such inquiry.

   (2) To summon the person liable for tax or required to perform the act, or any officer or employee of such person, or any person having possession, custody, or care of books of account containing entries relating to the business of the person liable for tax or required to perform the act, or any other person the Secretary may deem proper, to appear before the Secretary at a time and place named in the summons and to produce such books, papers, records, or other data, and to give such testimony, under oath, as may be relevant or material to such inquiry; and

   (3) To take such testimony of the person concerned, under oath, as may be relevant or material to such inquiry.

(b) Purpose may include inquiry into offense. - The purposes for which the Secretary may take any action described in paragraph (1), (2), or (3) of subsection (a) include the purpose of inquiring into any offense connected with the administration or enforcement of the internal revenue laws.

(c) Notice of contact of third parties. -

   (1) General Notice. - An officer or employee of the Internal Revenue Service may not contact any person other than the taxpayer with respect to the determination or collection of the tax liability of such taxpayer without providing reasonable notice in advance to the taxpayer that contacts with persons other than the taxpayer may be made.

   (2) Notice of specific contacts. - The Secretary shall periodically provide to a taxpayer a record of persons contacted during such period by the Secretary with respect to the determination or collection of the tax liability of such taxpayer. Such record shall also be provided upon request of the taxpayer.

   (3) Exceptions. - This subsection shall not apply-

     (A) to any contact which the taxpayer has authorized,

     (B) if the Secretary determines for good cause shown that such notice would jeopardize collection of any tax or such notice may involve reprisal against any person, or

     (C) with respect to any pending criminal investigation.

(d) No administrative summons when there is Justice Department referral.-

   (1) Limitation of authority. - No summons may be issued under this title, and the Secretary may not begin any action under section 7604 to enforce any summons, with respect to any person if a Justice Department referral is in effect with respect to such person.

   (2) Justice Department referral in effect. - For purposes of this subsection-

     (A) In general. - A Justice Department referral is in effect with respect to any person if-

       (i) the Secretary has recommended to the Attorney General a grand jury investigation of, or the criminal prosecution of, such person for any offense connected with the administration or enforcement of the internal revenue laws or

       (ii) any request is made under section 6103(h)(3)(B) for the disclosure of any return or return information (within the meaning of section 6103(b)) relating to such person.

     (B) Termination. - A Justice Department referral shall cease to be in effect with respect to a person when-

       (i) the Attorney General notifies the Secretary, in writing, that -

         (I) he will not prosecute such person for any offense connected with the administration or enforcement of the internal revenue laws,

         (II) he will not authorize a grand jury investigation of such person with respect to such an offense, or

         (III) he will discontinue such a grand jury investigation.

       (ii) a final disposition has been made of any criminal proceeding pertaining to the enforcement of the internal revenue laws which was instituted by the Attorney General against such person, or

       (iii) the Attorney General notifies the Secretary, in writing, that he will not prosecute such person for any offense connected with the administration or enforcement of the internal revenue laws relating to the request described in sub paragraph (A)(ii).

   (3) Taxable years, etc., treated separately. - For purposes of this subsection, each taxable period (or, if there is no taxable period, each taxable event) and each tax imposed by a separate chapter of this title shall be treated separately.

(e) Limitation on examination on unreported income. - The Secretary shall not use financial status or economic reality examination techniques to determine the existence of unreported income of any taxpayer unless the Secretary has a reasonable indication that there is a likelihood of such unreported income.

Authority to examine books and witness is also provided under sec. 6420 (e)(2) - Gasoline used on farms; sec. 6421(g)(2) - Gasoline used for certain nonhighway purposes by local transit systems, or sold for certain exempt purposes; and sec. 6427(j)(2) - Fuels not used for taxable purposes.

### Sec. 7603. Service of summons

(a) In general - A summons issued under section 6420(e)(2), 6421(g)(2), 6427(j)(2), or 7602 shall be served by the Secretary, by an attested copy delivered in hand to the person to whom it is directed, or left at his last and usual place of abode; and the certificate of service signed by the person serving the summons shall be evidence of the facts it states on the hearing of an application for the enforcement of the summons. When the summons requires the production of books, papers, records, or other data, it shall be sufficient if such books, papers, records, or other data are described with reasonable certainty.

(b) Service by mail to third-party recordkeepers. -

   (1) In general. - A summons referred to in subsection (a) for the production of books, papers, records, or other data by a third-party recordkeeper may also be served by certified or registered mail to the last known address of such recordkeeper.

   (2) Third party record keeper. - For purposes of paragraph (1), the term *third-party recordkeeper* means -

     (A) any mutual savings bank, cooperative bank, domestic building and loan association, or other savings institution chartered and supervised as a savings and loan or similar association under Federal or State law, any bank (as defined in section 581), or any credit union (within the meaning of section 501 (c)(14)(A));

     (B) any consumer reporting agency (as defined under section 603(f) of the Fair Credit Reporting Act (15 U.S.C. 1681 a(f));

     (C) Any person extending credit through the use of credit cards or similar devices;

     (D) any broker (as defined in section 3(a)(4) of the Securities Exchange Act of 1934 (15 U.S.C. 78c(a)(4));

     (E) any attorney;

     (F) any accountant;

     (G) any barter exchange (as defined in section 6045(c)(3));

     (H) any regulated investment company (as defined in section 851) and any agent of such regulated investment company when acting as an agent thereof;

     (I) any enrolled agent; and

     (J) any owner or developer of a computer software source code (as defined in section 7612(d)(2)). Subparagraph (J) shall apply only with respect to a summons requiring the production of the source code referred to in subparagraph (J) or the program and data described in section 7612(b)(1)(A)(ii) to which source code relates.

### Sec. 7604. Enforcement of summons

(a) Jurisdiction of District Court. - If any person is summoned under the internal revenue laws to appear, to testify, or to produce books, papers, records, or other data, the United States district court for the district in which such person resides or is found shall have jurisdiction by appropriate process to compel such attendance, testimony, or production of books, papers, records, or other data.

(b) Enforcement. - Whenever any person summoned under section 6420(e)(2), 6421 (g)(2), 6427(j)(2), or 7602 neglects or refuses to obey such summons, or to produce books, papers, records, or other data, or to give testimony, as required, the Secretary may apply to the judge of the district court or to a United States Commissioner[1] for the district within which the person so summoned resides or is found for an attachment against him as for a contempt. It shall be the duty of the judge or commissioner[1] to hear the application, and, if satisfactory proof is made, to issue an attachment, directed to some proper officer, for the arrest of such person, and upon his being brought before him to proceed to a hearing of the case; and upon such hearing the judge or the United States Commissioner[1] shall have power to make such order as he shall deem proper, not inconsistent with the law for the punishment of contempts, to enforce obedience to the requirements of the summons and to punish such person for his default or disobedience.

[1] Or United States magistrate, pursuant to P.L. 90-578.

### Sec. 7605. Time and place of examination

(a) Time and place. - The time and place of examination pursuant to the provisions of section 6420(e)(2), 6421 (g)(2), 6427(j)(2), or 7602 shall be such time and place as may be fixed by the Secretary and as are reasonable under the circumstances. In the case of a summons under authority of paragraph (2) of section 7602, or under the corresponding authority of section 6420(e)(2), 6421 (g)(2) or 6427(j)(2), the date fixed for appearance before the Secretary shall not be less than 10 days from the date of the summons.

### Sec. 7610. Fees and costs for witnesses

(a) In general. - The secretary shall by regulations establish the rates and conditions under which payment may be made of -

   (1) fees and mileage to persons who are summoned to appear before the Secretary, and

   (2) reimbursement for such costs that are reasonably necessary which have been directly incurred in searching for, reproducing, or transporting books, papers, records, or other data required to be produced by summons.

(b) Exceptions. - No payment may be made under paragraph (2) of subsection (a) if -

   (1) the person with respect to whose liability the summons is issued has a proprietary interest in the books, papers, records or other data required to be produced, or

   (2) the person summoned is the person with respect to whose liability the summons is issued or an officer, employee, agent, accountant, or attorney of such person who, at the time the summons is served, is acting as such.

(c) Summons to which section applies. - This section applies with respect to any summons authorized under section 6420(e)(2), 6421 (g)(2), 6427(j)(2), or 7602.

### Sec. 7210. Failure to obey summons

Any person who, being duly summoned to appear to testify, or to appear and produce books, accounts, records, memoranda or other papers, as required under sections 6420(e)(2), 6421(g)(2), 6427(j)(2), 7602, 7603, and 7604(b), neglects to appear or to produce such books, accounts, records memoranda, or other papers, shall, upon conviction thereof, be fined not more than $1,000, or imprisoned not more than 1 year, or both, together with costs of prosecution.

Form 2039 (Rev. 12-2008)

**To:** Albert & Celia Cambata

**Address:** Via Campacci 4, Agra 6927, SWITZERLAND

**Date:** December 1, 2016

---

Enclosed is a copy of a summons served by the IRS to examine records made or kept by, or to request testimony from, the person summoned. If you object to the summons, you are permitted to file a lawsuit in the United States district court in the form of a petition to quash the summons in order to contest the merits of the summons.

If you are the taxpayer, see important information below on the suspensions of your periods of limitation under I.R.C. section 7609(e)(1) and (e)(2).

## General Directions

1. You must file your petition to quash in the United States district court for the district where the person summoned resides or is found.

2. You must file your petition within 20 days from the date of this notice and pay a filing fee as may be required by the clerk of the court.

3. You must comply with the Federal Rules of Civil Procedure and local rules of the United States district court.

## Instructions for Preparing Petition to Quash

1. Entitle your petition "Petition to Quash Summons."

2. Name the person or entity to whom this notice is directed as the petitioner.

3. Name the United States as the respondent.

4. State the basis for the court's jurisdiction, as required by Federal Rule of Civil Procedure. See Internal Revenue Code Section 7609(h).

5. State the name and address of the person or entity to whom this notice is directed and state that the records or testimony sought by the summons relate to that person or entity.

6. Identify and attach a copy of the summons.

7. State in detail every legal argument supporting the relief requested in your petition. See Federal Rules of Civil Procedure. Note that in some courts you may be required to support your request for relief by a sworn declaration or affidavit supporting any issue you wish to contest.

8. Your petition must be signed as required by Federal Rule of Civil Procedure 11.

9. Your petition must be served upon the appropriate parties, including the United States, as required by Federal Rule of Civil Procedure 4.

10. At the same time you file your petition with the court, you must mail a copy of your petition by certified or registered mail to the person summoned and to the IRS. Mail the copy for the IRS to the officer whose name and address are shown on the face of this summons. See 7609(b)(2)(B).

The court will decide whether the person summoned should be required to comply with the summons request.

## Suspension of Periods of Limitation

If you are the taxpayer being examined/investigated by this summons and you file a petition to quash the summons (or if you intervene in any suit concerning the enforcement of this summons), your periods of limitation for assessment of tax liabilities and for criminal prosecutions will be suspended pursuant to I.R.C. section 7609(e)(1) for the tax periods to which the summons relates. Such suspension will be effective while any proceeding (or appeal) with respect to the summons is pending. Your periods of limitation will also be suspended under section 7609(e)(2) if the summoned person fails to fully respond to this summons for 6 months. The suspension under section 7609(e)(2) will begin 6 months after the summons is served and will continue until the summoned person finally resolves the obligation to produce the summoned information. You can contact the IRS officer identified on the summons for information concerning the suspension under section 7609(e)(2). If you contact the IRS officer for this purpose, please provide the following information: (1) your name, address, home and work telephone numbers and any convenient time you can be contacted and (2) a copy of the summons or a description of it that includes the date it was issued, the name of the IRS employee who issued it, and the name of the summoned person.

The relevant provisions of the Internal Revenue Code are enclosed with this notice. If you have any questions, please contact the Internal Revenue Service officer before whom the person summoned is to appear. The officer's name and telephone number are shown on the summons.



Department of the Treasury
Internal Revenue Service
www.irs.gov

Form 2039 (Rev. 12-2008)
Catalog Number 21405J

Part D — to be given to noticee

## Sec. 7609. Special procedures for third-party summons

(a) Notice—
 (1) In general. — If any summons to which this section applies requires the giving of testimony on or relating to, the production of any portion of records made or kept on or relating to, or the production of any computer software source code (as defined in 7612(d)(2)) with respect to, any person (other than the person summoned) who is identified in the summons, then notice of the summons shall be given to any person so identified within 3 days of the day on which such service is made, but no later than the 23rd day before the day fixed in the summons as the day upon which such records are to be examined. Such notice shall be accompanied by a copy of the summons which has been served and shall contain an explanation of the right under subsection (b)(2) to bring a proceeding to quash the summons.
 (2) Sufficiency of notice. — Such notice shall be sufficient if, on or before such third day, such notice is served in the manner provided in section 7603 (relating to service of summons) upon the person entitled to notice, or is mailed by certified or registered mail to the last known address of such person, or, in the absence of a last known address, is left with the person summoned. If such notice is mailed, it shall be sufficient if mailed to the last known address of the person entitled to notice or, in the case of notice to the Secretary under section 6903 of the existence of a fiduciary relationship, to the last known address of the fiduciary of such person, even if such person or fiduciary is then deceased, under a legal disability, or no longer in existence.
 (3) Nature of summons. — Any summons to which this subsection applies (and any summons in aid of collection described in subsection (c)(2)(D)) shall identify the taxpayer to whom the summons relates or the other person to whom the records pertain and shall provide such other information as will enable the person summoned to locate the records required under the summons.

(b) Right to intervene; right to proceeding to quash. —
 (1) Intervention. — Notwithstanding any other law or rule of law, any person who is entitled to notice of a summons under subsection (a) shall have the right to intervene in any proceeding with respect to the enforcement of such summons under section 7604.
 (2) Proceeding to quash. —
  (A) In general. — Notwithstanding any other law or rule of law, any person who is entitled to notice of a summons under subsection (a) shall have the right to begin a proceeding to quash such summons not later than the 20th day after the day such notice is given in the manner provided in subsection (a)(2). In any such proceeding, the Secretary may seek to compel compliance with the summons.
  (B) Requirement of notice to person summoned and to Secretary. — If any person begins a proceeding under subparagraph (A) with respect to any summons, not later than the close of the 20-day period referred to in subparagraph (A) such person shall mail by registered or certified mail a copy of the petition to the person summoned and to such office as the Secretary may direct in the notice referred to in subsection (a)(1).
  (C) Intervention, etc. — Notwithstanding any other law or rule of law, the person summoned shall have the right to intervene in any proceeding under subparagraph (A). Such person shall be bound by the decision in such proceeding (whether or not the person intervenes in such proceeding).

(c) Summons to which section applies. —
 (1) In general. — Except as provided in paragraph (2), this section shall apply to any summons issued under paragraph (2) of section 7602(a) or under sections 6420(e)(2), 6421(g)(2), 6427(j)(2), or 7612.
 (2) Exceptions. — This section shall not apply to any summons—
  (A) served on the person with respect to whose liability the summons is issued, or any officer or employee of such person;
  (B) issued to determine whether or not records of the business transactions or affairs of an identified person have been made or kept;
  (C) issued solely to determine the identity of any person having a numbered account (or similar arrangement) with a bank or other institution described in section 7603(b)(2)(A);
  (D) issued in aid of the collection of—
   (i) an assessment made or a judgment rendered against the person with respect to whose liability the summons is issued, or
   (ii) the liability at law or in equity of any transferee or fiduciary of any person referred to in clause (i); or
  (E) (i) issued by a criminal investigator of the Internal Revenue Service in connection with the investigation of an offense connected with the administration or enforcement of the internal revenue laws, and
   (ii) served on a person who is not a third-party recordkeeper (as defined in section 7603(b)).
 (3) John Doe and Certain Other Summonses. — Subsection (a) shall not apply to any summons described in subsection (f) or (g).
 (4) Records. — For purposes of this section, the term records includes books, papers, and other data.

(d) Restriction on examination of records. — No examination of any records required to be produced under a summons as to which notice is required under subsection (a) may be made—
 (1) before the close of the 23rd day after the day notice with respect to the summons is given in the manner provided in subsection (a)(2), or
 (2) where a proceeding under subsection (b)(2)(A) was begun within the 20-day period referred to in such subsection and the requirements of subsection (b)(2)(B) have been met, except in accordance with an order of the court having jurisdiction of such proceeding or with the consent of the person beginning the proceeding to quash.

(e) Suspension of Statute of Limitations. —
 (1) Subsection (b) action. — If any person takes any action as provided in subsection (b) and such person is the person with respect to whose liability the summons is issued (or is the agent, nominee, or other person acting under the direction or control of such person), then the running of any period of limitations under section 6501 (relating to the assessment and collection of tax) or under section 6531 (relating to criminal prosecutions) with respect to such person shall be suspended for the period during which a proceeding, and appeals therein, with respect to the enforcement of such summons is pending.
 (2) Suspension after 6 months of service of summons. — In the absence of the resolution of the summoned party's response to the summons, the running of any period of limitations under section 6501 or under section 6531 with respect to any person with respect to whose liability the summons is issued (other than a person taking action as provided in subsection (b)) shall be suspended for the period—
  (A) beginning on the date which is 6 months after the service of such summons, and
  (B) ending with the final resolution of such response.

(f) Additional requirements in the case of a John Doe summons. —
Any summons described in subsection (c)(1) which does not identify the person with respect to whose liability the summons is issued may be served only after a court proceeding in which the Secretary establishes that—
 (1) the summons relates to the investigation of a particular person or ascertainable group or class of persons,
 (2) there is a reasonable basis for believing that such person or group or class of persons may fail or may have failed to comply with any provision of any internal revenue law, and
 (3) the information sought to be obtained from the examination of the records or testimony (and the identity of the person or persons with respect to whose liability the summons is issued) is not readily available from other sources.

(g) Special exception for certain summonses. —
A summons is described in this subsection if, upon petition by the Secretary, the court determines, on the basis of the facts and circumstances alleged, that there is reasonable cause to believe the giving of notice may lead to attempts to conceal, destroy, or alter records relevant to the examination, to prevent the communication of information from other persons through intimidation, bribery, or collusion, or to flee to avoid prosecution, testifying, or production of records.

(h) Jurisdiction of district court; etc. —
 (1) Jurisdiction. — The United States district court for the district within which the person to be summoned resides or is found shall have jurisdiction to hear and determine any proceedings brought under subsection (b)(2), (f), or (g). An order denying the petition shall be deemed a final order which may be appealed.
 (2) Special rule for proceedings under subsections (f) and (g). — The determinations required to be made under subsections (f) and (g) shall be made ex parte and shall be made solely on the petition and supporting affidavits.

(i) Duty of summoned party. —
 (1) Recordkeeper must assemble records and be prepared to produce records. — On receipt of a summons to which this section applies for the production of records, the summoned party shall proceed to assemble the records requested, or such portion thereof as the Secretary may prescribe, and shall be prepared to produce the records pursuant to the summons on the day on which the records are to be examined.
 (2) Secretary may give summoned party certificate. — The Secretary may issue a certificate to the summoned party that the period prescribed for beginning a proceeding to quash a summons has expired and that no such proceeding began within such period, or that the taxpayer consents to the examination.
 (3) Protection for summoned party who discloses. — Any summoned party, or agent or employee thereof, making a disclosure of records or testimony pursuant to this section in good faith reliance on the certificate of the Secretary or an order of a court requiring production of records or the giving of such testimony shall not be liable to any customer or other person for such disclosure.
 (4) Notice of suspension of statute of limitations in the case of a John Doe summons. — In the case of a summons described in subsection (f) with respect to which any period of limitations has been suspended under subsection (e)(2), the summoned party shall provide notice of such suspension to any person described in subsection (f).

(j) Use of summons not required. —
Nothing in this section shall be construed to limit the Secretary's ability to obtain information, other than by summons, through formal or informal procedures authorized by sections 7601 and 7602.

Form **2039** (Rev. 12-2008)

# ATTACHMENT TO SUMMONS / SUBPOENA

In the matter of: Federal Tax Investigation of Albert & Celia Cambata

Issued to: **Thomas Ostrander, Duane Morris**
Address: **30 S. 17th Street, Philadelphia, PA 19103-4196**

In the matter of: Federal Tax Investigation of Albert & Celia Cambata, 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 & 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
Periods: January 1, 2010 through December 31, 2012

---

For the periods identified above, please furnish all books, papers, records, or other data in your custody or control concerning any legal services, consulting services, and/or the preparation of Federal or state tax returns performed for Albert & Celia Cambata, including but not limited to:

### ACCOUNTING/TAX ADVICE/TAX PREPARATION

- A complete accounting as to exactly what documents were provided to you or made available to you for the purpose of completing the preparation or filing of a federal tax return with the United States. Include the documents listed below;
    - U.S. and foreign bank accounts, bank statements, including accounts in Monaco, Switzerland, Singapore, Panama, Senegal
    - financial statements, net worth statements,
    - loans, asset purchases, real estate deeds,
    - remittance advice of deposits
    - explanation of all cash deposits
    - wire transfers, transfers between accounts
    - brokerage statements
    - safekeeping/asset statements and gain/loss reports
    - Tax organizer from the individuals listed above,
    - Signed agreements relating to services provided by you,
    - Correspondence with above named individual, including text, email, and Phone logs,
    - Log of meetings,
    - Records of information received from the accountant in Switzerland, including notes of conversations concerning the Albert and/or Celia Cambata, related entities (including the name, Cambata), related estates,
    - Copy of any letters from the IRS received prior to the start of the exam in 11/2012,

- All records used in or created for or during the preparation of federal return or any other tax return, regardless of the reporting entity, consisting of, but not limited to, work-papers, schedules, analysis, summaries, notes, papers, memoranda, and correspondence;

- All copies of federal and state income returns, payroll tax returns, state sales tax returns and amendments to such returns; foreign returns, including but not limited to the countries of India, Monaco, Singapore, Panama, or Belize.

1

# ATTACHMENT TO SUMMONS / SUBPOENA

In the matter of: Federal Tax Investigation of Albert & Celia Cambata

## REAL ESTATE AND BUSINESS CONTRACTS/TRANSACTIONS

Records made or kept in connection with the purchase and/or sale of real estate by Albert & Celia Cambata, including records showing the location of the property, the dates of the real estate closings, the names of the parties to the real estate transactions, and the closing sheet showing the source and distribution of the proceeds from the sale and/or purchase, and copies of the distribution checks.

All other contracts in your possession relating to Albert & Celia Cambata.

## FEES

Records and correspondence relating to legal or professional fees billed by you to Albert & Celia Cambata for professional services rendered, showing the amounts of each fee, the date paid, the purpose of the payment, whether the payments were made by check or in cash, copies (front and back) of any checks, the nature of the services rendered for which the fees were paid, and deposit receipts showing your deposit of these payments.

All billing records relating to the above named individual(s), individual account cards, billing invoices, and all correspondence with the individual(s) named above;

Also, any records which show whether the fees paid were business expenses or personal expenses of Albert & Celia Cambata.

## TRUST

Records of payments to the individual(s) named above from any trust, including the Maximilian Aviation Foundation Trust, and any other trust. Include copies of the trust instrument, records identifying trust members and/or shareholders and their respective interests in the trust.
- correspondence with, including text and email
- records of information received from the accountant in Switzerland, including notes of conversations concerning the TP – professional communication
- any letters from the IRS prior to the start of the IRS exam in November, 2012.

## ESTATES AND GIFTS

Records of payments to the individual(s) named above from any estate, including the estate of Kershi Cambata, and any other estate. Records of gifts/distributions to the individuals(s) named above from individuals and/or related entities. Include copies of the
- estate documents,
- estate and gift tax filings,
- correspondence with, including text and email
- records of information received from accountants in Switzerland, including notes of conversations concerning the TP – professional communication
- any letters from the IRS prior to the start of the IRS exam in November, 2012.

# ATTACHMENT TO SUMMONS / SUBPOENA

In the matter of: Federal Tax Investigation of Albert & Celia Cambata

## INCOME AND SOCIAL SECURITY TAX

Records of payments OF social security tax paid on behalf of the individual(s) named above from any jurisdiction. Records of earnings and dividends received by the individuals(s) named above from individuals and/or related entities. Include copies of the
- correspondence with, including text and email
- records of information received from accountants in Switzerland, including notes of conversations concerning the TP – professional communication

## FINANCIAL RECORDS

All bank statements, cancelled checks, deposit receipts, financial statements, correspondence furnished by or on behalf of the above-named individual(s) (and for any other entity in which the above-named persons held a financial interest) for the preparation of state and federal income tax returns, accounting books and records, financial statements, bank account reconciliations, bank deposit analysis, or income statements for business or personal matters in the name of Albert & Celia Cambata, or agents acting as nominee for Albert & Celia Cambata, including but not limited to:

For all accounts, provide evidence of the following:
- the name in which each account is maintained,
- the number or other designation of such account,
- the name and address of the foreign bank or other person with whom such account is maintained
- the type of such account,
- the maximum value of each such account during the reporting period
- Entity/company records of dividends and/or earnings paid to Albert & Celia Cambata

## TAX RETURNS

The 2011 and 2012 Form 1040 returns, supporting schedules, and notes. Include:

- Documentation of all income and deductions
- Appraisals of all assets, including real property in Switzerland and the U.S., financial accounts, value of interests in entities

3

# ATTACHMENT TO SUMMONS / SUBPOENA

In the matter of: Federal Tax Investigation of Albert & Celia Cambata

**OTHER ENTITY DEFINED**
- Maximillian Aviation Foundation
- Starport (USA)

- Hummingbird Holdings (Belize)
- Cambata Aviation Private, Ltd (Mumbai)
    a. Company is 100% owned by HH
    b. EIN 54-1822090;
    c. On internet, Nelson Cambata = Chairman, and Albert is Vice Chairman

- Cambata Aviation SA (Panama)
- Cambata Industries, (Millboro, VA)
    a. EIN 54-122090
    b. Owned by Cambata Aviation Private, Ltd
- Cambata Aviation International, LLC, (Millboro, VA)
    a. owned 100% by Cambata Industries
- Alnilam SA, Panama
    b. Credits in 2011 UBS account

**FINANCIAL ACCOUNT DEFINED**
- Both monetary and non-monetary assets,
- Bank, brokerage, and investment accounts; insurance and annuity policy cash values; and mutual funds are specifically named,
- Any savings, demand, checking, deposit or time deposit, or
- Any other account **(including prepaid credit card and debit card)** maintained with a financial institution, including a private banking relationship or person acting as a financial institution.

**Other Authority**

Other authority exists in a person who can
- Exercise comparable power over an account
- By communication with the bank or other person with whom the account is maintained,
    - Either directly or
    - Through an agent, nominee, attorney or in some other capacity on behalf of the U.S. person,
- Either orally or by some other means.

**Response**

Provide a response to any item listed above that is unknown to you or unavailable to you.

Please contact the taxpayers for information not previously provided to you, including answers to the following questions.

4

# ATTACHMENT TO SUMMONS / SUBPOENA

In the matter of: Federal Tax Investigation of Albert & Celia Cambata

- Related returns for
    - Cambata Industries, Inc., F1120/ 54-122090; documentation of owners, distributions; title or role of the individuals listed above,
    - financials of Hummingbird Holdings showing the dividend payments to Albert Cambata, any related government filings.
    - No U.S. returns filed for other entities -- noted as none on the IDR. Where were returns filed?

RECORD FORMAT: In addition to hard copies, records are requested in the form of magnetic media on compact disk, whenever available. A record layout for the data is also requested. The record layout should specify the type of information provided and actual electronic file name. Each type of information should be recorded in a separate document.

5